UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA H. MONIZ, *Plaintiff* | § § § § § | |
| v. | § § § § § | CASE NUMBER:   1:21-cv-00459 |
| NATIONAL CREDIT SYSTEMS, INC. & MFG TUSCANY OWNER, LLC, | § § § § § | |
| *Defendants*. | § § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Joshua H. Moniz ("Plaintiff" or "Moniz" herein), brings this action against Defendants, National Credit Systems, Inc. ("National Credit" or "Defendant" herein), and MFG Tuscany Owner, LLC ("MFG" herein).

**PRELIMINARY STATEMENT**

1. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") as well as under the Texas Debt Collection Act, Texas Finance Code Chapter 392 ("TDCA"), to obtain damages, and other relief for the Defendants' violations of the FDCPA and TDCA.

1

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1337(a) and 15 U.S.C. § 1692 *et seq.*.

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, under 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and the acts complained herein, in part, occurred in this District.

## STANDING

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' collective conduct and that is likely to be redressed by a favorable decision in this matter.

5. Plaintiff further suffered a concrete injury because of Defendants' violations contained herein.

6. Plaintiff further suffered a concrete informational injury because of Defendants' failure to provide truthful information in connection with attempts to collect an alleged consumer debt from Plaintiff.

## THE PARTIES

7. Plaintiff, Joshua H. Moniz, is an individual who resides in Williamson County, Texas.

8. Defendant, National Credit Systems, Inc., is a Georgia corporation that is authorized to conduct business in Texas and may be served at the following address:

> CT Corporation System
> 1999 Bryan St., Ste. 900
> Dallas, Texas 75201-3136

2

9. Defendant, MFG Tuscany Owner, LLC, is a creditor and former landlord of Plaintiff and is a Foreign Limited Liability Company which can be served at the following address:

>National Registered Agents, Inc.
>1999 Bryan St., Ste. 900
>Dallas, Texas 75201-3136

## FACTUAL ALLEGATIONS

10. Plaintiff and his girlfriend Victoria Doe ("Victoria" herein to protect her identity) were former tenants of a residential apartment complex in Texas that was/is owned by MFG.

11. On or about Victoria signed a written lease ("First Lease") with MFG. In light of the fact that Victoria subsequently pursued a study abroad program, MFG required that Plaintiff be added as an additional tenant and signatory to the First Lease.

12. Shortly before the expiration of the First Lease, Victoria signed a second written residential lease with MFG ("Second Lease" herein) for a new lease term from approximately September 1, 2018 through February 28, 2019.

13. However, MFG did not list Plaintiff as a tenant on the Second Lease. Moreover, Plaintiff neither signed the Second Lease nor executed a guaranty.

14. In fact, on or about September 24, 2018, Victoria even in good faith informed the apartment management, the agent of MFG, by email that Plaintiff was not a party to the Second Lease and Victoria also inquired whether Plaintiff should be added as an additional tenant. Nevertheless, MFG did not amend the Second Lease and never required that Plaintiff be added as a party to the Second Lease.

15. Ultimately, in part because of a dispute over the leasehold, Victoria vacated the premises prior to the end of the Second Lease term.

3

16. The Defendants collectively then sought to collect from Plaintiff the alleged debt ("alleged debt" herein), consisting of unpaid rent and related fees, in connection to the Second Lease. The alleged debt is for goods and services for personal, family or household purposes in connection to the Second Lease.

17. The alleged debt is a "debt" as that term is defined by § 1692a (5) of the FDCPA and a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

18. Plaintiff is a "consumer" as that term is defined by § 1692a (3) of the FDCPA and a "consumer" as that term is defined by § 392.001(1) of the TDCA.

19. After the purported default of the alleged debt, MFG placed the alleged debt with National Credit for collection against Plaintiff.

20. National Credit is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6) of the FDCPA.

21. National Credit is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

22. MFG is a "debt collector" as defined in § 392.001(6) of the TDCA.

23. Plaintiff subsequently discovered adverse credit reporting by National Credit with at least one credit bureau with regards to the alleged debt. On or about March 22, 2020, Plaintiff sent a written dispute to National Credit with regards to the alleged debt.

24. On or about April 25, 2021, National Credit transmitted to Transunion information regarding the alleged debt, thereby indicating Plaintiff was liable for the outstanding balance of $2736.00. National Credit further transmitted to Transunion that there was a dispute, thereby acknowledging receipt of the dispute by Plaintiff.

25. On or about May 6, 2021, MFG also sent via email to Victoria Doe an itemized statement of the alleged debt (itemized statement / Exhibit A and partially redacted in accordance with FRCP 5.2).

26. Plaintiff alleges that he was not liable for any portion of the alleged debt in so much as Paragraph #1 of the Second Lease under the heading "Parties", listed only Victoria Doe as the tenant on the Lease:

> *Parties. This Lease Contract ("Lease") is between you, the resident(s) (list all people signing the Lease)*

27. Moreover, Paragraph #1 of the Second Lease contains a parole evidence/merger clause with the following language:

> *Neither we nor any of our representatives have made any oral promises, representations, or agreements. This Lease is the entire agreement between you and us.*

28. Consequently, the Second Lease, by its own terms, precludes any liability of Plaintiff for any alleged breach in connection to the Second Lease.

29. On or about May 11, 2021, an agent of MGR, in response to an email inquiry, confirmed by email that Plaintiff would not be held responsible by a collection agency since Plaintiff was unlisted on the respective lease.

30. Plaintiff therefore alleges that the transmission of the credit reporting balance of $2736.00 to Transunion by National Credit and which listed Plaintiff as the debtor for the alleged debt was materially false and misleading.

31. The transmission of credit reporting information to Transunion by National Credit regarding Plaintiff's purported $2736.00 obligation for any breach of the Second Lease was a "communication" as that term is defined in 15 U.S.C. § 1692a (2).

32. The sending of Exhibit A by MGR directly to Victoria Doe was a "communication" as defined by 15 U.S.C. § 1692a (2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

33. The sending of Exhibit A by MGR directly to Victoria Doe, to the extent it occurred, was a "communication" as defined by 15 U.S.C. § 1692a (2) and constitutes "debt collection" as that term is defined by § 392.001(5) of the TDCA.

34. The transmission of credit reporting information to Transunion by National Credit was a form of "debt collection" as that term is defined by § 392.001(5) of the TDCA.

35. Plaintiff alleges that MGR engaged in debt collection of the alleged debt, at the very least, by the assignment of the alleged debt to National Credit and by its efforts to direct and influence the collection of the alleged debt from National Credit.

36. Plaintiff further alleges that MGR engaged in debt collection by the sending of Exhibit A to Victoria Doe.

37. Plaintiff alleges that MGR communicated with National Credit false information regarding the alleged debt in so much as MGR sent to National Credit instructions to collect the alleged debt from Plaintiff. Moreover, both Defendants continued to collect the alleged debt from Plaintiff even after Plaintiff disputed the alleged debt.

38. Plaintiff alleges that MGR was aware that National Credit was reporting false information to the credit bureaus of Plaintiff over a period of at least one year.

39. Plaintiff alleges that National Credit knew or should have known that the information that it transmitted to Transunion was materially false because Plaintiff had already disputed the alleged debt. Consequently, National Credit was therefore under an obligation to verify the accuracy of the alleged debt and to review the Second Lease before transmitting further false information to Plaintiff's credit bureaus.

40. Plaintiff alleges that MGR knew or should have known that the information in Exhibit A was materially inaccurate before sending Exhibit A to Victoria Doe and before instructing National Credit to collect the alleged debt from Plaintiff.

41. Plaintiff alleges actual damages because of the foregoing collection activity by MGR and National Credit. Plaintiff alleges that he has suffered damage to his credit and Plaintiff has also experienced emotional distress and humiliation in connection to the collection efforts by MGR and National Credit.

## COUNT I—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

42. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

43. Chapter 392, Section 304 of the Texas Finance Code provides as follows:

**FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS**

**(a) Except as otherwise provided by this section, in debt collection or in obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:**

**(8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding;**

**(19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.**

44. Plaintiff alleges National Credit violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by the transmission of materially false credit information to Transunion regarding the alleged debt in so much as Plaintiff was not a party and signatory to the Second Lease.

45. Plaintiff alleges MGR violated the foregoing provisions of Chapter 392, Section 304 of the Texas Finance Code by sending Exhibit A to Victoria Doe, notwithstanding the fact that Plaintiff was not liable for the alleged debt.

46. Plaintiff alleges that Defendant MFG misrepresented the amount of the alleged debt by instruction National Credit to collect the alleged debt when MFG knew or should have known National Credit would engage in collection activity against Plaintiff.

47. Plaintiff alleges he has actual damages because of the foregoing violations.

## COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

49. **15 U.S.C. § 1692(e)(2)(A), (8) and (10) of the FDCPA provide as follows:**

    **FALSE OR MISLEADING REPRESENTATIONS**

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

    **(2) The false representation of—
    (A) the character, amount, or legal status of any debt;**

    **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

    **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

50. National Credit violated sections (2)(A) and (10) of 15 U.S.C. § 1692e by falsely transmitting to Transunion that Plaintiff was liable for the alleged debt, in the amount of $2736.00, notwithstanding the fact that Plaintiff was not a signatory on the Second Lease.

51. National Credit further violated section e (8) of 15 U.S.C. § 1692e by transmitting incorrect information to Transunion regarding Plaintiff's liability for the alleged debt.

## JOINT ENTERPRISE

52. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

53. Plaintiff alleges that all the Defendants are collectively liable under the TDCA for the actions of one other under a theory of joint enterprise as (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. See Shoemaker v. Estate of Whistler, 513 S.W.2d10, 18 (Tex.1974).

54. Plaintiff alleges that MGR and National Credit jointly engaged in the improper collection of the alleged debt from Plaintiff.

## VICARIOUS LIABILITY

55. Plaintiff incorporate all facts as alleged in the foregoing paragraphs.

56. Plaintiff alleges that MFG is liable for the actions of National Credit by virtue of vicarious liability and/or agency.

57. Plaintiff further alleges that MFG is liable for the actions of National Credit by virtue of vicarious liability and/or agency. At the very least MFG provided materially false information to National Credit including and not limited to Exhibit A, knowing that National Credit would use this information to collect the alleged debt from Plaintiff.

58. Plaintiff further alleges that MFG allowed National Credit to engage in improper collection practices complained herein.

## TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

59.  Plaintiff requests the Court issue a Temporary Injunction and Permanent Injunction under the TDCA and FDCPA that orders National Credit and MFG to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff.

## REQUEST FOR ATTORNEY'S FEES

60.  Plaintiff seeks reasonable attorneys' fees as per the FDCPA and TDCA and any other statutory or common law basis.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Joshua H. Moniz, respectfully prays that the Defendants, National Credit Systems, Inc., and MFG Tuscany Owner, LLC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, as follows:

a.  Temporary injunction be issued, and upon final hearing a Permanent Injunction be issued, requiring Defendant National Credit and MFG to correct the improper reporting of the alleged debt on all the credit bureaus of Plaintiff;

b.  The Court award Plaintiff actual and statutory damages pursuant to Texas Finance Code § 392.403(a)(2) and § 392.403(e) and any other applicable provision;

c.  The Court award Plaintiff costs and attorneys' fees pursuant to Texas Finance Code § 392.403(b).

d.  The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(1) and (a)(2) and any other applicable provision;

11

  e. The Court award Plaintiff costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692(k)(a)(3) and any other applicable statute or legal basis;

  f. The Court award Plaintiff prejudgment and post judgment interest as allowed by law;

  g. The Court grant Plaintiff such further relief to which Plaintiff may be justly entitled.

    Respectfully submitted,

    /s/Brent A. Devere
    Brent A. Devere
    SBN#00789256
    1411 West Avenue, Suite #200
    Austin, Texas 78701
    Ph: 512-457-8080 Fax: 512-457-8060
    Email: BDevere@1411west.com
    Attorney for Plaintiff

    *Joshua H. Moniz*